THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM F. DUELL, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD MILANO, Appellant.— Judgment of conviction of the County Court of Queens county unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY SACHS, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Queens, reversed on the law and the facts and a new trial ordered. Failure of the police to search the automobile at the time of the arrest of defendant and his associates, and the disclosure of revolvers therein at the time of a subsequent search at the station house; the detention of defendant and his associates, contrary to law, in the station house for twenty-four hours before arraignment before a magistrate; the almost undisputed evidence that several of the group had been beaten while in custody; that one of the pistols, which it is claimed defendant and his associates possessed, bore the letter " H," the surname of one of the police officers; the failure to call Detective Burke and Lieutenant Dale, who, it is claimed, were present at the station house when it is alleged defendant and his associates admitted guilt — raise a reasonable doubt of the guilt of defendant requiring a new trial. Lazansky, P. J., and Tompkins, J., concur; Davis, J., concurs with the following memorandum: The weight of evidence on the trial indicated that the defendant and his companions were not engaged in any illegitimate errand at the time of the arrest; and that the evidence against them in respect to the possession of revolvers was deliberately manufactured. This conclusion is supported by the fact that certain officers who had knowledge of the facts were not called as witnesses to support the testimony of Police Officer Hatrick, and thereby the suspicion arises that his testimony was studiedly untrue; and by the further well-established fact that certain members of the party who were arrested were assaulted and badly injured for the purpose of extracting a confession from them regardless of its truth. The facts concerning the assault and the testimony of Hatrick should be thoroughly investigated by the district attorney in a sincere effort to discover the true facts, to the end that punishment may be visited on those actually guilty of a crime or crimes; Young and Hagarty, JJ., dissent and vote to affirm.